WEIS, Circuit Judge,
dissenting.
The court is confronted with the necessity of choosing between two statutes, each of which grants jurisdiction to a different court.
Because the petition was filed in this court, consideration of our jurisdiction may be the appropriate first step. As the majority points out, the petition for enforcement here rests on 29 U.S.C. § 660(b). The subsection provides that in the instance of a noncontested citation, the Secretary may file a petition for enforcement that shall be entered by the clerk of the court of appeals. Any contempt proceeding arising from that order is to be conducted by the court of appeals.
Subsection (b) of § 660 contains no language granting jurisdiction, but does state “the provisions of subsection (a) ... shall govern such proceedings to the extent applicable.” Subsection (a), in turn, provides that “any person adversely affected or aggrieved” may petition the court of appeals for review of the merits of a commission order.” After the petition is filed, the commission must forward the record to the court of appeals. The statute specifies that “[u]pon such filing, the court shall have jurisdiction of the proceeding.” If the court had remanded the matter to the commission for additional evidentiary findings, and the case returns to the court, “upon the filing of the record with it, the jurisdiction of the court shall be exclusive.”
A close reading of the statute reveals that it does not specifically grant “exclusive” jurisdiction to the court of appeals to enforce a noncontested citation. Subsection (b) refers back generally to subsection (a) “to the extent applicable.” But subsection (a) confers “exclusive” jurisdiction only in cases where the record has been returned to the court after remand. The word “exclusive” is conspicuously absent when the statute refers to jurisdiction on the initial filing of the record.
To some extent, therefore, the statute is ambiguous and does not clearly state that the court of appeals’ jurisdiction is exclusive in the circumstances presented here. Although the majority’s conclusion that the statute gives us exclusive jurisdiction is a permissible one, it is not compelled by the language itself.
The bankruptcy statute, however, is more definitive. Title 28 U.S.C. § 1334(b) states that “[notwithstanding any Act of Congress that confers exclusive jurisdiction *391 on a court or courts other than the district courts, the district court shall have original but not exclusive jurisdiction of all civil proceedings ... related to cases under title 11.” I agree with the majority and the concession of the Secretary that this case is related to the bankruptcy, and therefore the bankruptcy court, at least, has concurrent original jurisdiction.
The question then becomes which court should assume original jurisdiction. The majority admits that enforcement of the citation will undoubtedly alter the debtor’s liabilities and have an impact on the administration of the bankruptcy estate. That concession recognizes only the minor effects and assumes that enforcement will be simple and easily accomplished. Little imagination is required, however, to visualize complications arising from the debt- or’s status under the bankruptcy laws. In this case, for example, it may be that to comply with the commission’s order some machines could be modified to remove a dangerous condition on either a short or long term basis. Obviously, the method chosen might hinge on the likelihood of a plan of reorganization, the assets available in the estate, and the interests of the creditors. At that point, too, the commission might have to be consulted before the matter is resolved after a hearing and factual findings.
Other reasonably anticipated developments requiring further proceedings that take into account the various and sometimes conflicting interests need not be explored at length here. The point is that, compared to an appellate tribunal, a bankruptcy court has far more familiarity with the debtor’s estate and better facilities for developing relevant facts when questions on enforcement arise.
As we said in Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984), Congress intended, through this legislation, “to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate.” The majority’s action here frustrates that aim.
When a case presents a realistic possibility that hearings and fact findings might be necessary and jurisdiction is present in both the trial and appellate courts, sound judicial administration dictates that the trial court address the matter in the first instance. Appellate procedures by their collegial nature are cumbersome and not readily adaptable to trials and fact finding.
The majority concludes that deferring to the bankruptcy court in these circumstances would result in delay. I believe that any delay would be minimal and of no consequence here. It would be surpassed, in any event, by the delay encountered if contempt proceedings are instituted in this court and referral to the bankruptcy court then becomes necessary.
No special need to invoke the competence of an appellate tribunal is present here. Were we faced with a petition for review challenging the merits of the commission’s findings, I would agree with the majority that we should proceed with the case. Appellate review, after all, is our primary mission. However, in the absence of need for that function, the bankruptcy court, in my view, is in a better position to afford prompt and effective enforcement.
This proceeding presents an appropriate occasion to question the wisdom of the general policy of requiring courts of appeals to enforce noncontested administrative agency orders. Congress chose that method in an era when courts of appeals were not as besieged as they are today with the unprecedented volume of cases. It is time to reconsider the policy.
A collegial body cannot simply expand by adding members without impairing its efficiency and encountering the law of diminishing returns. Enlarging a committee will seldom, if ever, increase its output proportionately.
In a district court, the situation is different because to a great extent each judge functions individually and independently of the others. Increasing the number of judges in that forum has a far greater impact on total case-handling capacity than in an appellate body. A district court consequently may more easily expand to absorb additional work. This fundamental difference between the courts suggests that matters not requiring the special treat *392 ment of multi-judge review should be docketed in the first instance in the district courts.
Transferring jurisdiction over enforcement of nonreviewable orders to district courts would relieve the courts of appeals of an assignment which, although not a major factor in their workload, nevertheless consumes time better allocated to the essential role of appellate review. At a time when overworked courts of appeals are struggling with ever-increasing caseloads, even a slight reduction in the matters assigned to them can help.[1]
Clearly a solution lies in legislative changes. However, in the meantime, courts of appeals should not forego the opportunity for legitimate self-help when the occasion arises. I believe this case is an example of a situation when this court should take that course. The public interest would best be served by referring this petition to the bankruptcy court. I dissent from the majority’s decision not to do so.

. Indeed, it may be advisable to transfer the enforcement of contested administrative orders to a district court after appellate review has been completed.